McKinney J.,
delivered the opinion- of the court.
The plaintiff in error was presented by the grand jury of Jefferson county, for retailing spirituous liquors, contrary to law.
The first count charges, that he “ unlawfully, and without having first obtained a license therefor, did vend, sell, and retail spirituous liquors to one Harvey Swaggerty, in less quantities than one quart, contrary to the statute,” &c. The second count charges the sale of spirituous liquors without license to said Swaggerty, “ to be drunk upon the premises, where the same were sold, contrary to the statute,” &c.
To this presentment a plea in abatement was filed, the substance of which is, that said presentment was made and founded, not upon the personal knowledge of any one of the grand jury; but upon the information of a witness, sworn and sent before them, upon a subpoena issued at their instance by direction of the court.
*20 To this plea the Attorney General demurred: and on argument the demurrer was sustained. The defendant was then put upon his trial on the plea of not guilty, and was convicted upon both counts of the indictment; and judgment being rendered against him, he appealed in error to this court.
For the plaintiff in error it is assumed, that the grand jury had no authority, in the present case, by virtue of the 13th section of the act of 1846, chap. 90, to make a presentment upon the information of witnesses, brought before them upon subpoenas issued at their instance. This conclusion, we think, is untenable. The 13th sec. of the act of 1846, provides, “ that in all cases arising under the provisions of this act, the Attorney General may file bills of indictment ex of-Jicw ; and it shall be the duty of grand jurors to send for witnesses in all cases in which they, or either of them, may suspect a violation of this act; and it shall be the duty of the Judges of the circuit and criminal courts to give this act in charge.”
Before proceeding to consider the true construction of this section, it may be proper to state, that by the first section of the act, it is declared “ lawful for any person or persons to vend or sell spirituous or vinous liquors, by any quantity the purchaser may desire,” upon obtaining a license, under the conditions and prohibitions prescribed; and by the proviso to the 16th section, it is further declared, that “nothing in this act shall be so construed as to prevent the sale of spirituous or Vinous liquors by the quart, or larger quantity, not to be drank on the premises ”
In throwing open so wide a door to a traffic, so very difficult, from its nature, to be kept under the control and regulation of law, there was certainly an urgent necessity that increased facilities should be provided for the detection and punishment of the numerous abuses which the legislature- *21 could not but foresee were likely to'arise under the practical operation of the law.
And in this view, we must suppose, the thirteenth section of the act was adopted; for we are at a loss to conceive any other sensible reason for its enactment.
The section contains two distinct, independent, substantive provisions; both of which are new in their application to most, if not all, of the offences created by this statute. The first is, the unlimited authority given to the Attorney General to send bills of indictment, without a prosecutor, in all cases arising under the provisions of the act: And the second is, an authority, equally unlimited, to the grand jury, accompanied with a mandate to them, as a positive duty, to send for witnesses, in all cases in which they, or either of them, may suspect a violation of any of the provisions of the law.
It has been said that the power to send for witnesses by the grand jury, in any case, is contrary to the common law, and is not, therefore, to be extended beyond the express provision of the statute. This is certainly true, but it gives no aid to the argument by which the construction, contended for by the counsel for the plaintiff in error, is attempted to be supported.
That construction rests upon the hypothesis, that the two provisions of the section in question, are dependent upon each other. And this being assumed, it is argued, that the power of the grand jury to send for witnesses, exists only in cases where bills of indictment have been previously sent to them by the Attorney General, ex officio. We do not hold that the grand jury may not send for witnesses in such cases, perhaps they may, though upon this question we, for the present, express no opinion. But we think it would be a most absurd construction of the law to hold, that the legislature intended to confer the power upon the grand jury to send for witnesses to enable them to find a bill of indictment, not otherwise sup *22 ported; and yet withhold from them the power to do so, for the purpose of enabling them to make a presentment. What sensible reason could have induced the legislature to make such a distinction ? The mode of prosecution, by presentment, both in cases of crimes and misdemeanors, is as legitimate, and as fully recognized, by the common law, and by the Constitution of this State, as is that by indictment. And the exercise of the power of sending for witnesses by the grand jury, while it is no more anomalous in the one case than in the other, is certainly alike necessary in both, in order to insure the detection and punishment of the various offences to the commission of which, the law itself holds out strong temptations.
Upon the whole, we think there is no error in the record, and the judgment is affirmed.